## In the matter of PRATTE & CABANNE:

1. If the court gives irrelevant or erroneous instructions, and the verdict of the jury, is against the instructions, but in accordance with the law applicable to the facts of the case, a new trial should not be awarded.

PETITION FOR MANDAMUS ON THE JUDGE OF THE COURT OF COMMON PLEAS WITHIN AND FOR THE COUNTY OF ST LOUIS.

SCOTT, judge, delivered the opinion of the court.

Jno. H. Corl sued Pratte & Cabanne on an account for liquors alleged to have been furnished them by him. Pratte & Cabanne wanting the liquors for a customer applied to Robert W. Taylor a merchant to purchase them. Taylor not having all the kinds wanted, Cabanne who made the contract, was referred to the house of Corl who supplied them. The liquors were sent to Pratte & Cabanne. A few days afterwards Corl applied to Pratte & Cabanne for payment of the bill and presented an account for the liquors made out in Corl's own handwriting in which Taylor was charged with them. Payment was refused on the ground that Taylor was indebted to Pratte & Cabanne. Corl went off and the matter was not heard of again by Pratte & Cabanne until a considerable time afterwards when Taylor had left St. Louis. Witnesses were examined whose testimony conduced to show that the credit was given by Corl to Pratte & Cabanne, and evidence going to show that it was given to Taylor was produced by the defendants. The only question in the case was whether the credit was given by Corl to Pratte & Cabanne or to Taylor. The court instructed the jury as follows on the last trial at the instance of Corl, viz:

" The defendants cannot set up, either in bar, or in mitigation of damages that R. W. Taylor or Sinclair Taylor & Co., or any person other than the plaintiff was indebted to the defendant, there being no set-off, filed. The jury will therefore disregard all evidence tending to show such indebtedness of the Taylors.

" It is not necessary that the defendants should have been notified at the time of the sale that the brandy and alcohol belonged to the plaintiff. If said brandy and alcohol did actually belong to plaintiff he can assert his right to recover for it, and his having made out a bill for it and presented it to defendants in the name of R. W. Taylor & Co. does not prevent his suing in his own name.

" If the jury believe from the evidence, that the alcohol and brandy mentioned in plaintiff's bill when sold and delivered were the property of plaintiff, and that the same were delivered and sold to defendants, they must find for plaintiff, and assess the damages at the price and value of the said brandy and alcohol."

There was a verdict for the defendants which the court on motion set aside. There having been a previous verdict for the defendants they moved to vacate the order for a new trial for that reason, which motion the court overruled on the ground the verdict was against law. On the first trial the plaintiff asked the following instruction:

" If the jury believe from the evidence that the alcohol and brandy mentioned in the bill were at and before their sale the property of the plaintiff, and that the same were sold and delivered to the defendants, they must find for the plaintiff," which the court refused but gave the following: " If the jury believe from the evidence that the alcohol and brandy mentioned in the bill were at and before their sale to the defendants, the property of the plaintiff, and that the same were sold and delivered *as the property of plaintiff* to the defendants, they must find for the plaintiff," and also as follows: " If the jury believe from the evidence that the articles, the price of which is sued for here, were the property of Taylor or *were delivered as the property of Taylor*, they will find for the defendants."

The foregoing contains the substance of the ground on which the application for a mandamus was based as appears by the return of the judge.

There is nothing in the case of Hill vs. Deaver 7 Mo. R. which sustains the action of the court below. That case holds that a misconception or a disregard of the instructions of the court is the error in matter of law contemplated by the provision respecting new trials. Of course, the opinion of the court is to be understood, that the instructions should be applicable to the case and contain a correct exposition of the law arising upon the facts of it. If a judge gives irrelevant or erroneous instructions, and the verdict is in accordance with the real law of the case but against the instructions, on what ground is he warranted in awarding a new trial? If by giving improper instructions, he can possess himself of the power of awarding a new trial, then the Statute is a dead letter. The evidence of the weight and credit of which the jury were the proper judges clearly sustain the verdict, and as they are in accordance with the law of the case it is

useless to examine the instructions. The only question in the case was, to whom was the credit given.

The mandamus must be awarded, judge McBride concurring.